UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:20-CR-2-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ALEXANDER LEBEAU, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 455 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Lebeau's guilty plea and adjudge him guilty of Count Eight and a lesser-included offense of Count One of the Superseding Indictment (DE 207). *See* DE 456 (Recommendation); *see also* DE 453-1 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 456 at 3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 66, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate's judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 456, **ACCEPTS** Lebeau's guilty plea, and **ADJUDGES** him guilty of Count Eight and the lesser-included offense of Count One of the Superseding Indictment, as described in the plea record and agreement (DE 207);

2. Further, per Judge Ingram's unopposed recommendation and Defendant's agreement (DE 453-1 at 4), the Court provisionally **FINDS** that the firearm seized from Lebeau, specified in the operative indictment (DE 207 at 8–9), is forfeitable and that Lebeau has an interest in said property, and preliminary **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* at (b)(4)(B); and

3. The Court will issue a separate sentencing order.[1]



Signed By:
**Robert E. Wier**
United States District Judge

---

[1] At the hearing, Judge Ingram remanded Lebeau to custody. *See* DE 455. This was his status pre-plea. The Court, thus, sees no need to further address detention, at this time.